## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| GREG L. ANDERSON, <br><br> Plaintiff, <br><br> v. <br><br> EASTERN ASSET SERVICES, LLC, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 3:19-cv-00778 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes GREG L. ANDERSON ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of EASTERN ASSET SERVICES, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Texas.

### PARTIES

4. Plaintiff is a 55 year old natural "person," as defined by 47 U.S.C. §153(39).

5. Defendant is a debt collection agency holding itself out as a "full service accounts receivable management company specializing in collection and recovery solutions across all industries."[1] Defendant is a limited liability company organized under the laws of the state of Florida with its principal place of business located at 7643 Gate Parkway, Suite 104-362, Jacksonville, Florida.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. The instant action stems from Defendant's attempt to collect upon a consumer debt ("subject debt") said to be owed by Plaintiff.

9. The subject debt stems from purportedly past due obligations Plaintiff is said to owe to ACE Loan Company ("ACE").

10. Plaintiff has limited income, and while he was able to afford the payments on the subject debt for some time, due to financial hardship and unforeseen expenses, Plaintiff fell behind on his obligations to ACE.

11. Defendant began collecting on the subject debt after Plaintiff's purported default on the debt.

12. On or about March 11, 2019, Defendant contacted Plaintiff's son, who is also named Greg Anderson, regarding the subject debt.

---

[1] https://easternassetservices.com/

13. Defendant's representative, who referred to herself as "Bethany," relayed information concerning the subject debt to Plaintiff's son, including the fact that there was suspected fraud in connection with the subject debt.

14. As instructed by Bethany, Plaintiff's son relayed the information concerning the subject debt to Plaintiff.

15. Plaintiff then contacted Bethany at the phone number (844) 312-9418 ext. 409.

16. During this conversation, Bethany accused Plaintiff of committing fraud against ACE, and further stated that Plaintiff could go to jail unless he paid the subject debt.

17. Concerned by the nature of Defendant's representations, Plaintiff agreed to make, and made, a $65.00 payment in connection with the subject debt.

18. Plaintiff advised that he would agree to continue making these payments.

19. However, Defendant subsequently sent Plaintiff a series of written documents via the online platform Docusign, wherein Defendant attempted to get Plaintiff to agree to $400.00 monthly payments to go about satisfying the subject debt.

20. Frustrated and concerned by the nature of Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

21. Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to: pecuniary loss stemming from Defendant's unlawful threats, emotional distress, false fear of being arrested, invasion of privacy, embarrassment stemming from having details of indebtedness disclosed to a third party, and undue anxiety.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

    a.   **Violations of FDCPA § 1692b(2) and c(b)**

27. The FDCPA, pursuant to § 1692b, governs what debt collectors must do when placing phone calls to any person other than the consumer. Under 15 U.S.C. § 1692b(2), when calling a party other than the consumer, a debt collector must "not state that such consumer owes any debt." Furthermore, pursuant to 15 U.S.C. § 1692c(b), "without the prior consent of the consumer given directly to the debt collector . . . a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency . . . the attorney of the creditor, or the attorney of the debt collector."

28. Defendant violated § 1692b(2) when it contacted Plaintiff's son and disclosed that Plaintiff owed a debt.

29. Defendant further violated § 1692c(b) by communicating with a person other than Plaintiff regarding the subject debt.

    b.   **Violations of FDCPA §1692d**

30. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

31. Defendant violated § 1692d through their communication efforts directed towards Plaintiff's son. By virtue of contacting a third party with no connection to the subject debt and disclosing information regarding the subject debt, Defendant engaged in conduct which had the natural consequence of harassing, oppressing, and abusing Plaintiff. Defendant contacted with Plaintiff's son in the manner it did in an effort to put additional pressure on Plaintiff to address the subject debt hoping that the embarrassment Plaintiff felt by virtue of a third party acquiring knowledge about his financial situation would compel Plaintiff to more readily address the subject debt.

   c.  **Violations of FDCPA § 1692e**

32. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A).
>
> "The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person . . . ." 15 U.S.C. § 1692e(4).
>
> "The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer." 15 U.S.C. § 1692e(7).
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

34. Defendant violated § 1692e, e(2)(A), e(4), e(7), and e(10) when it falsely represented that Plaintiff had committed fraud against ACE and that Plaintiff could be arrested if he did not pay the debt. Defendant's representation directly and falsely suggested that Plaintiff had committed a crime and that nonpayment of the debt would result in Plaintiff's imprisonment, which is a false representation regarding the legal status of the debt. Defendant's false representations damaged

Plaintiff in numerous ways, including pecuniary loss as a result of Defendant's false representations that Plaintiff would go to jail unless payment was made.

WHEREFORE, Plaintiff, GREG L. ANDERSON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 29, 2019                                      Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)                       s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                           Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                      Counsel for Plaintiff
Admitted in the Northern District of Texas                 Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.                                   Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                        2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                    Lombard, Illinois 60148
(630) 568-3056 (phone)                                     (630) 581-5858 (phone)
(630) 575-8188 (fax)                                       (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                   thatz@sulaimanlaw.com


s/ Eric D. Coleman
Eric D. Coleman, Esq. # 6326734
Counsel for Plaintiff
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(331) 307-7648 (phone)
(630) 575-8188 (fax)

ecoleman@sulaimanlaw.com