UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| GREG L. ANDERSON, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-0778-B |
| | § | |
| EASTERN ASSET SERVICES, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Greg L. Anderson's Motion for Default Judgment (Doc. 12), filed May 9, 2019. For the reasons discussed below, the Court **GRANTS in part** and **DENIES in part** Anderson's Motion.

**I.**

**BACKGROUND**

This is a Fair Debt Collection Practices Act (FDCPA) suit. On March 29, 2019, Anderson filed a complaint against Eastern Asset Services, LLC (EAS), alleging that EAS violated the FDCPA by informing a third party of Anderson's debt and falsely suggesting Anderson could be arrested for nonpayment of an outstanding debt owed to ACE Loan Company. Doc. 1, Compl., ¶¶ 9–10, 12–14. Specifically, Anderson alleges EAS called Anderson's son on March 11, 2019, to collect on behalf of ACE. *Id.* ¶ 12. During the call EAS's representative, Bethany, allegedly relayed information regarding Anderson's debt and included that EAS suspected fraud in connection with the debt. *Id.* ¶ 13. As instructed by Bethany, Anderson's son relayed the information to Anderson who then called Bethany. *Id.* ¶¶ 14–15. Bethany accused Anderson of fraud against ACE and stated that Anderson

could go to jail unless he paid the debt. *Id.* ¶ 16. Anderson agreed to make a $65 payment towards the debt and to continue making these payments. *Id.* ¶¶ 17–18. Defendant then sent documents via the online platform DocuSign to attempt to make Anderson agree to $400 monthly payments to satisfy the debt. *Id.* ¶ 19.

Anderson now sues under the FDCPA, alleging EAS and its representatives: (1) contacted and disclosed Anderson's debt to a third party, Anderson's son, on March 11, 2019, in violation of 15 U.S.C. § 1692b(2) and c(b); (2) harassed, oppressed, or abused Anderson by contacting a third party in order to put pressure on Anderson in violation of 15 U.S.C. § 1692d; and (3) falsely represented the legal status of the debt in violation of 15 U.S.C. § 1692e. *Id.* ¶¶ 27–34. Anderson alleges that he suffered a number of concrete harms:

> including but not limited to: pecuniary loss stemming from Defendant's unlawful threats, emotional distress, false fear of being arrested, invasion of privacy, embarrassment stemming from having details of indebtedness disclosed to a third party, and undue anxiety.

*Id.* ¶ 21. Anderson alleges pecuniary damages and seeks a declaration that the aforementioned practices are unlawful and violate the governing body of law, actual damages under 15 U.S.C. § 1692k(a)(1), additional damages up to the statutory cap of $1,000 under 15 U.S.C. § 1692k(a)(2)(A), costs and reasonable attorneys' fees under 15 U.S.C. § 1692k(a)(3), and any other relief the Court deems just. *Id.* at 6.

On April 12, 2019, Anderson served EAS a copy of his complaint on Mark Zammet, who is alleged to be designated by law to accept service of process for EAS. Doc. 9, Return of Summons, 3. To date, EAS has neither answered nor otherwise made an appearance in this case. Consequently, Anderson requested the Clerk enter default against EAS on May 7, 2019 (Doc. 10), which the Clerk

did that same day (Doc. 11). On May 9, 2019, Anderson moved the Court for a default judgment against EAS. Doc. 12, Mot. for Default J. EAS failed to respond to Anderson's Motion and the time to do so has passed. The Court now considers that Motion.

II.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 55 provides for the entry of default judgments in federal court. According to the Rule, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default has been entered, the court may enter a default judgment against the defaulting defendant upon motion of the plaintiff. Fed. R. Civ. P. 55(b).

That being said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment merely because the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). "Rather, a default judgment is generally committed to the discretion of the district court." *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)).

In determining whether a default judgment should be entered against a defendant, courts have developed a three-part analysis. *See, e.g., 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d at 384. First, courts consider whether the entry of default judgment is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The factors relevant to this inquiry include: (1) whether material issues of fact exist; (2) whether there has been substantial

prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion. *Id.*

Second, courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover."). In doing so, the Court is to assume that due to its default, defendant admits all well-pleaded facts in the plaintiff's complaint. *Id.* However, "defendant is not held to admit facts that are not-well pleaded or to admit conclusions of law." *Id.*

Third, courts determine what form of relief, if any, the plaintiff should receive. *Ins. Co. of the W. v. H & G Contractors, Inc.*, at *4 (S.D. Tex. Oct. 5, 2011) ("A defendant's default concedes the truth of the allegations of the Complaint concerning the defendant's liability, but not damages." (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 524-25 (5th Cir. 2002))). Normally damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

### III.

### ANALYSIS

Applying this three-part analysis, the Court concludes that a default judgment is procedurally

warranted and supported by a sufficient factual basis in Anderson's Complaint.

A.      *Whether An Entry of Default Judgment Is Procedurally Warranted*

In this case, after reviewing Anderson's Motion in light of the six *Lindsey* factors, the Court finds that default judgment is procedurally warranted. First, EAS has not filed any responsive pleadings. Consequently, there are no material facts in dispute. *Lindsey*, 161 F.3d at 893; *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact"). Second, EAS's "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests." *Ins. Co. of the W.*, 2011 WL 4738197, at *3 (citing *Lindsey*, 161 F.3d at 893). Third, there is no evidence before the Court to indicate that EAS's silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Fourth, EAS has failed to answer or otherwise respond to Anderson's Complaint within the twenty-one days required by Federal Rule of Civil Procedure 12. *See John Perez Graphics & Design, LLC v. Green Tree Inv. Group, Inc.*, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013) (finding default judgment procedurally warranted after a similar time period had elapsed). Finally, the Court is not aware of any facts that would give rise to "good cause" to set aside the default if challenged by EAS. Thus, Anderson has met the procedural requirements for default judgment.

B.      *Whether There Is a Sufficient Basis for Judgment in the Pleadings*

In light of the entry of default, EAS is deemed to have admitted the allegations set forth in Anderson's Complaint. Nonetheless, the Court must review the pleadings to determine whether they present a sufficient basis for Anderson's claim for relief. *Nishimatsu Constr.*, 515 F.2d at 1206. In conducting this analysis, the Fifth Circuit has looked to the Rule 8 case law for guidance:

> Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim

showing that the pleader is entitled to relief." The purpose of this requirement is "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (footnote and citations omitted). "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015).

1. FDCPA Violations

    a. *Disclosure of debt to a third party under 15 U.S.C. §§ 1692b(2) and c(b)*

Anderson alleges that ESA violated the FDCPA by disclosing his debt to a third party. Section 1692b(2) of the FDCPA reads that "[a]ny debt collector communicating with any person other than the consumer . . . shall not state that such consumer owes a debt." Additionally, § 1692c(b) reads that "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer . . . ."

In the Complaint, Anderson alleges that ESA and its representative contacted his son on March 11, 2019, and spoke to him about the suspected fraud in regards to Anderson's debt. Doc. 1, Compl., ¶¶ 12–13. Taking Anderson's allegation as true, ESA's representative relayed that Anderson owed a debt and communicated in connection with collection of the debt to a third party in violation of §§ 1692b(2) and c(b) of the statute.

    b. *Harassing, oppressing, or abusing conduct in connection with a debt under § 1692d*

Under the FDCPA, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Anderson alleges that ESA notified his son in an effort to harass,

oppress, or abuse Anderson into addressing the debt. Doc. 1, Compl., ¶¶ 30–31. However, Anderson provides no case law in support of his position and fails to cite any specific provisions of 15 U.S.C. § 1692d violated by ESA, so the Court is unwilling to find a violation solely on the facts submitted.

    *c.* *False representation about the legal status of a debt under § 1692e*

Lastly, Anderson alleges that ESA falsely represented the legal status of his debt in violation of § 1692e, subsections 2(A), (4), (7), and (10). Doc. 1, Compl., ¶¶ 32–33. The FDCPA forbids debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The statute specifically prohibits:

> (2) The false representation of—
>   (A) the character, amount, or legal status of any debt; . . .
> (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person …
> (7) The false representation or implication that the consumer committed any crime . . .
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt . . .

15 U.S.C. § 1692e(2)(A), (4), (7), (10). ESA told Anderson that if he did not pay, he could go to jail for committing fraud against ACE. Doc. 1, Compl., ¶ 34. Again, taking Anderson's allegation as true, this is an action that could not legally be taken since ESA is alleged to be a private corporation, and thus has no power to enforce state or federal laws for fraud. Therefore, ESA is also in violation of § 1692e(2)(A), (4), (7), and (10).

  2. <u>Attorneys' Fees</u>

Anderson requests attorneys' fees and litigation costs under 15 U.S.C. § 1692k(a)(3). "It is well-established that the FDCPA is a fee-shifting statute and makes the debt collector liable for reasonable attorney's fees upon successful prosecution of a plaintiff's case." *Young v. Asset Acceptance,*

*LLC*, 2011 WL 618274, at *2 (N.D. Tex. Feb. 10, 2011) (citing 15 U.S.C. § 1692k(a)(3)). But if a plaintiff "fail[s] to enforce any liability for actual or additional damages against [a defendant][,]" then he "does not meet the explicit requirement of § 1692k(a)(3)," which requires that he "bring a 'successful action to enforce the foregoing liability,' in order to receive attorney's fees and costs." *Johnson v. Eaton*, 80 F.3d 148, 151 (5th Cir. 1996). A successful action includes one in which only statutory damages are awarded. *In re Eastman*, 419 B.R. 711, 736 (Bankr. W.D. Tex. 2009). Thus, the Court's award of attorneys' fees depends on whether damages are appropriate for the substantive claims.

C.  *Damages*

"The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages; establish the truth of any allegation by evidence; or investigate any other matter." Fed. R. Civ. P. 55(b)(2). But "[w]here the amount claimed is a liquidated sum or one capable of mathematical calculation," a court may enter judgment without a hearing. *James*, 6 F.3d at 310.

In his Complaint, Anderson asks for (1) actual damages; (2) statutory damages; and (3) costs and reasonable attorneys' fees under 15 U.S.C. § 1692k(a)(3). Doc. 1, Compl., 6. The Court must now determine whether his Motion, along with the attached affidavit, is sufficient to allow the Court to grant Anderson damages, and, if so, how much.

1.  Actual Damages

In his Complaint, Anderson asks for actual damages, namely those stemming from the fear of being arrested and the disclosure of his debt to a third party. *Id.* However, Anderson's Motion for Default Judgment requests only statutory damages, costs, and attorneys' fees. Doc. 12, Mot. Default

J., 3. Thus, the Court declines to consider an award of actual damages.

    2.    <u>Statutory Damages</u>

"[A] plaintiff need not establish actual damages to recover [statutory damages] under the FDCPA." *In re Eastman*, 419 B.R. at 733 (citing *Neild v. Wolpoff & Abramson, LLP*, 453 F. Supp. 2d 918, 924 (E.D. Va. 2006); *Prophet v. Joan Myers, Myers & Assocs., P.C.*, 645 F. Supp. 2d 614, 617 (S.D. Tex. 2008)). In awarding statutory damages, the Court considers the factors laid out in the statute, including "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional . . . ." *Id.* (quoting 15 U.S.C. § 1692k(b)(1)). Here, all three factors mitigate toward the statutory maximum, which would also function to encourage future compliance with the FDCPA. Thus, the Court finds that an award of statutory damages in the amount of $1,000 is appropriate.

    3.    <u>Costs and Attorneys' Fees</u>

Last, Anderson requests $3,087.50 in attorneys' fees and $512.20 in costs for a total of $3,599.70. He attaches a supporting affidavit from one of his attorneys, Nathan Volheim, along with his accounting of the tasks related to his suit. Doc. 12-1, Ex. A, 2; Doc. 10-1, Volheim Aff. As the Court finds that statutory damages are appropriate, reasonable attorneys' fees and costs are also recoverable under 15 U.S.C. § 1692k(a). *See Johnson*, 80 F.3d at 151. In total, the firm billed 9.7 hours, 7.5 hours of which were billed by the named attorney, at $375/hr. Doc. 12-1, Ex. A, 2. While the affidavit omits the number of years the attorneys have been practicing—which would be relevant in determining the reasonable hourly fee—the Court finds that the total fee is reasonable for such a case. *See Parks v. Commercial Recovery Sys., Inc.*, 2014 WL 521501, at *1 (N.D. Tex. Feb. 7, 2014) (granting approximately $3,000 in attorneys' fees in a similar FDCPA default-judgment case).

## IV.

## CONCLUSION

In sum, the Court concludes that a default judgment against Defendant Eastern Asset Services, LLC is warranted in this case. Thus, the Court **GRANTS** Anderson's Motion for Default Judgment on all claims, with the exception of 15 U.S.C. § 1692d which it **DENIES**, and awards Plaintiff Greg L. Anderson a total amount of $4,599.70.

A final judgment will follow.

**SO ORDERED.**

**SIGNED: May 16, 2019.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE